UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES WALKER,

                Plaintiff

        v.                                  Case No. 1:11-cv-11-HJW

EMD CHEMICALS, INC.,

                Defendant

## ORDER

This matter is before the Court upon the plaintiff's "Motion to Remand and For Attorney's Fees and Expenses" (doc. no. 5). Defendant opposes the motion (doc. no. 10). Having fully reviewed the record, including the pleadings and the parties' briefs, the Court will **GRANT** the motion to remand, and **DENY** the request for attorney's fees and expenses, for the following reasons:

On December 7, 2010, plaintiff filed a two-count complaint in state court alleging employment discrimination and retaliation (doc. no. 1-1, Ex. C). Defendant timely filed a notice of removal on January 5, 2011, on the asserted basis that the plaintiff was bringing claims under both Ohio law and under the Americans With Disabilities Act ("ADA"), at 42 U.S.C. § 12111(1)-(10), and therefore, this Court had original federal question jurisdiction pursuant to 28 U.S.C. § 1331. Diversity jurisdiction is not at issue here because the complaint indicates the present parties are all Ohio citizens, and thus, not diverse for purposes of 28 U.S.C. § 1332.

Plaintiff asks this Court to remand this case back to the Court of Common Pleas in Hamilton County, Ohio, pursuant to 28 U.S.C. § 1447(c). Plaintiff asserts

that he is <u>only</u> bringing state law claims pursuant to Ohio Rev. Code § 4112.02 and § 4112.99, and therefore, this Court lacks jurisdiction to hear this case (doc. no. 5, citing to Complaint, ¶ 13).

Review of the complaint reflects that although plaintiff's complaint refers to facts that allegedly amount to "direct evidence" for purposes of both the ADA and Ohio Revised Code Sections 4112.02 and 4112.99 (see Complaint, ¶ 11), a subsequent paragraph specifically alleges that "by reason of the foregoing, <u>Defendant has violated Sections 4112.02 and § 4112.99</u>" (¶ 13) (emphasis added). Count two realleges the same allegations with reference to retaliation. Plaintiff points out that his complaint does not allege that he has received a right-to-sue letter from the Equal Employment Opportunity Commission, which would be a prerequisite for the assertion of federal claims under the ADA, but not a prerequisite for bringing claims under Ohio's anti-discrimination statute.[1]

A defendant may remove a civil case brought in state court if the case could have originally been brought in federal district court. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject

---

[1]Under Ohio law, "an individual may institute an independent civil action for discrimination on the basis of physical handicap even though that individual has not invoked and exhausted his or her administrative remedies." <u>Smith v. Friendship Vill. of Dublin</u>, 92 Ohio St.3d 503, 506 (2001) (citing <u>Elek v. Huntington National Bank</u>, 60 Ohio St.3d 135, 137 (1991)); see also, <u>McClenaghan v. Ohio Dep't of Com.</u>, 2005 Ohio 1284, *23 (Ohio Ct. Cl. 2005).

matter jurisdiction, a removed case must be remanded to state court.

Absent diversity jurisdiction, a case is generally not removable "if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Because federal courts are courts of limited subject matter jurisdiction, removal jurisdiction must be strictly construed. First National Bank of Pulasky v. Curry, 301 F.3d. 456, 462 (6th Cir. 2002). Where federal jurisdiction is doubtful, a remand to state court has traditionally been considered the proper course of action. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

In determining whether an action arises under federal law, the "well-pleaded complaint" rule requires that a federal question be presented on the face of the complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); City of Warren v. City of Detroit, 495 F.3d 282, 286 (6th Cir. 2007); see also, Mikulski v. Centerior Energy Corp., 501 F.3d 555, 560 (6th Cir. 2007) (en banc) (discussing several exceptions).[2] "The well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action." Alexander v. Elec. Data Sys.

---

[2]The exceptions are: 1) the "artful-pleading" doctrine (i.e. a plaintiff may not avoid removal jurisdiction by artfully stating federal claims as state claims; 2) the complete preemption doctrine (i.e. when a federal statute completely pre-empts the state-law cause of action) and 3) the substantial-federal-question doctrine (i.e. "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Id. Defendant does not argue that any exceptions apply here.

<u>Corp.</u>, 13 F.3d 940, 943 (6th Cir. 1994).

Although defendant points out that Count Two alleges "retaliation" based on plaintiff "having exercised his rights under federal and state laws prohibiting discrimination in employment" (see Complaint, ¶ 18), "mere reference to a federal statute does not establish federal jurisdiction." <u>Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n. Inc</u>., 287 F.3d 568, 574 (6th Cir. 2002) (noting that a substantial, disputed question of federal law must be a necessary element of the state cause of action in order to invoke federal jurisdiction). Although the state and federal anti-discrimination statutes at issue are similar, violation of the ADA is not a "necessary element" of Ohio Revised Code § 4112.02. See, e.g., <u>American Systems Consulting, Inc. v. Devier</u>, 514 F. Supp. 2d. 1001, 1005-1006 (S.D. Ohio 2007) (holding that "when both federal and state law claims are available, a plaintiff's decision to proceed exclusively under state law does not give rise to federal jurisdiction") (citing <u>Caterpillar</u>, 482 U.S. at 392).

With respect to plaintiff's request for attorney's fees, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Id.</u>; see also, <u>Ohio ex rel. Skaggs v. Brunner</u>, 629 F.3d 527, 530 (6th Cir. 2010) (observing that §

1447(c) "gives district courts discretion to grant fees").  Plaintiff contends that the defendant lacked an objectively reasonable basis  for removal and asks this Court to exercise its discretion to award attorney's fees pursuant to 28 U.S.C. § 1447(c).

Defendant, as the party seeking removal, has not carried its burden of showing that federal question jurisdiction in the district court is proper.  Gafford v. Gen. Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993, overruled on other grounds by Hertz Corp. V. Friend, 130 S.Ct. 1181 (2010).  Nonetheless, given that the majority of employment discrimination cases commonly assert both state and federal claims, the defendant reasonably interpreted the language in paragraphs 11 and 18 of plaintiff's complaint as indicating that plaintiff intended to bring both state and federal claims.  Plaintiff's complaint is not clearly drafted in this respect and does not expressly disclaim any federal cause of action.  See Warthman v. Genoa Township Bd. of Trustees, 549 F.3d 1055, 1063 (6th Cir. 2008) ("Including such statements in complaints is an excellent practice that we strongly encourage because it avoids the procedural delay and expense of removal and remand as evidenced by the present case.").  Although the Court must resolve doubts as to jurisdiction in favor of remand, the Court is of the opinion that the defendant had an objectively reasonable basis for seeking removal based on federal question jurisdiction.  Plaintiff is not entitled to an award of attorney's fees and expenses under these circumstances.

Accordingly, the plaintiff's "Motion to Remand" (doc. no. 5) is GRANTED; plaintiff's request for attorney's fees and expenses is DENIED; and this case is

hereby remanded to the Court of Common Pleas in Hamilton County, Ohio.

IT IS SO ORDERED.


                                                 **s/Herman J. Weber**

                                            **Herman J. Weber, Senior Judge**

                                            **United States District Court**